# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **DOLORES SCHMITT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18 CV 5840 |
| | ) | |
| **ADLAI E. STEVENSON HIGH SCHOOL DISTRICT 125.** | ) ) ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Dolores Schmitt, by and through her attorneys, Keith L. Hunt and Bradley E. Faber of Hunt & Associates, P.C., and complains against the Defendant, Adlai E. Stevenson High School District 125, as follows:

## I.
## INTRODUCTION

1. This is an action to address deprivations of Plaintiff's right to be compensated at one and one-half times her normal hourly wage for hours worked in excess of forty (40) in a work-week pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) (hereafter, "FLSA") and the Illinois Minimum Wage Law (820 ILCS § 105/1, *et seq.*) (hereafter, "IMWL").

## II.
## JURISDICTON AND VENUE

2. This Court has jurisdiction over the controversy and the parties. Specifically, jurisdiction over Plaintiff's FLSA claim is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as this case involves a federal question regarding Defendant's violation of federal law.

3. Supplemental jurisdiction exists over Plaintiff's IMWL state law claim pursuant to 28 USC § 1337, as Plaintiff's IMWL claims arises from the same nucleus of operative fact as her federal FLSA claim.

4. Venue is proper in the Northern District of Illinois because Defendant maintains its principal place of business in the Northern District of Illinois and because the acts complained of took place in the Northern District of Illinois.

## III.
## THE PARTIES

5. The Plaintiff, Dolores Schmitt (hereafter, "Schmitt" or "Plaintiff") is a resident of Lake Zurich, Lake County, Illinois.

6. Defendant Adlai E. Stevenson High School District 125 (hereafter, "Dist. 125" or "Defendant") is an Illinois High School District organized pursuant to the Illinois School Code, with a principal place business in Lake County, Illinois.

7. Plaintiff continuously worked for Defendant from 2005-2018.

8. Plaintiff was hired by Defendant in 2005 as a "Receptionist."

9. Between 2005-2013, Plaintiff also worked under the titles "Assistant" and "Administrative Assistant."

10. Plaintiff's jobs working as a Receptionist, Assistant and Administrative Assistant were all non-exempt positions under the FLSA.

11. From 2013-2018, Plaintiff worked under the title "Human Resources Coordinator."

12. Defendant's job description for the Human Resources Coordinator position states that the Human Resources Coordinator job is also non-exempt under the Fair Labor Standards Act. (Ex. 1, (Position Description), at p. 2).

2

13. At all times that Plaintiff worked for Defendant, she only worked in non-exempt positions for purposes of the FLSA and the IMWL.

14. Throughout her employment with Defendant, Plaintiff frequently worked more than forty (40) hours per workweek.

15. Defendant never paid Plaintiff any additional compensation for her hours worked in excess of forty (40) in a workweek.

16. Defendant never paid Plaintiff compensation at a rate of one and one-half times her normal hourly rate for hours worked in excess of forty (40) in a workweek.

## COUNT I
## **VIOLATION OF THE FLSA - FAILURE TO PAY OVERTIME**

17. Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 16 of this complaint as and for this paragraph.

18. This count stems from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C.§201, *et.seq.*, for its failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in a workweek.

19. The Fair Labor Standards Acts provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

20. During the course of Plaintiff's employment with Defendant, Plaintiff was non-exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Plaintiff is non-exempt from overtime compensation because Plaintiff is not employed in any bona fide executive, administrative or professional capacity, as defined by the FLSA (29 U.S.C. § 201, *et seq.*).

22. Defendant explicitly recognized Plaintiff's position was "non-exempt" for purposes of the FLSA. (Ex. 1, at p.2).

23. Although Defendant maintained an overtime policy within its "Support Staff Manual," Defendant's Assistant Superintendent for Business Services informed Plaintiff that the Defendant's "Support Staff Manual" did not apply to Plaintiff or her position.

24. During the course of Plaintiff's employment by Defendant, Defendant directed or permitted Plaintiff to work in excess of forty (40) hours per week.

25. During said time periods Plaintiff was paid on a salary basis regardless of the number of hours worked each workweek in violation of the Act.

26. Plaintiff worked in excess of forty (40) hours per week without receipt of overtime compensation for their hours worked in excess of forty (40) per week.

27. As a result of the foregoing unlawful conduct on the part of the Defendant, Plaintiffs has suffered and continues to suffer damages.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE ACT

28. Plaintiffs adopts, incorporates and re-alleges paragraphs 1 through 27 of this complaint as and for this paragraph.

29. As more specifically set forth above, from 2005 through May, 2018, Plaintiff Dolores Schmitt worked in excess of forty (40) hours per week without receipt of overtime compensation.

30. The overtime provisions of the Illinois Minimum Wage Act provides that employers are obligated to pay their employees one and one half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek. 820 ILCS 105/4a.

31. Plaintiff is not exempt from overtime compensation because Plaintiff is not employed in any bona fide executive, administrative or professional capacity, as defined by 820 ILCS 105/4a, 29 U.S.C. §201.

32. Defendant explicitly recognized Plaintiff's position was "non-exempt" for purposes of the FLSA. (Ex. 1, at p. 2).

33. During said time periods Plaintiff was paid on a salary basis regardless of the number of hours worked each work week in violation of the Illinois Minimum Wage Act.

34. As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff has suffered damages.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

35. Plaintiffs adopts, incorporates and re-alleges paragraphs 1 through 34 of this complaint as and for this paragraph.

36. At all relevant times, Defendant was Plaintiff's employer within the meaning of the Wage Payment and Collection Act ("IWPCA").

37. Plaintiff was entitled to be paid for all wages earned, as well as earned but unused personal days and vacation pay per Defendants' policy as "final compensation" as of the date of her termination.

38. Defendant failed to pay Plaintiffs for wages, including overtime she earned based on overtime she worked prior to and as of the date of her termination.

39. Defendant failed to pay Plaintiff for earned but unused vacation days as stated by Defendant's written policy.

40. As a result of Defendant's failure to pay Plaintiff her entire final compensation as of the date she was terminated, the Plaintiff has been damaged and continues to suffer damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays to this Honorable Court:

1. Enjoin Defendant from failing or refusing to pay overtime compensation to the Plaintiff and other similarly situated persons;

2. Enter declaratory judgment for the Plaintiff and against the Defendant on Plaintiff's FLSA and IMWL claims;

3. Enter judgment in favor of Plaintiff and against Defendant for all unpaid overtime wages at a rate of one and one-half times Plaintiff's normal hourly rate;

4. Award Plaintiff prejudgment interest on amounts due and owing pursuant to the Illinois Interest Act;

5. Award liquidated damages in favor of the Plaintiff and against the Defendant as permitted by the FLSA and/or IMWL;

6. Award statutory damages of 2% per month for all earned but unpaid final compensation due but unpaid at the time Plaintiff was terminated;

6

7. Award reasonable attorneys' fees and costs incurred in prosecuting this action as permitted by the FLSA and/or IMWL and/or Illinois Wage Payment and Collection Act; and

8. Award all other relief this Honorable Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

        Respectfully submitted,
        HUNT & ASSOCIATES, P.C.

By:   */s/* Keith L. Hunt (*electronically filed*)
       Attorney for Plaintiff

Keith L. Hunt
Bradley E. Faber
HUNT & ASSOCIATES, P.C.
55 West Monroe
Suite 3600
Chicago, Illinois 60603
(312) 558-1300