IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOLORES SCHMITT, | |
| Plaintiff, | |
| v. | No. 18 C 5840 |
| ADLAI E. STEVENSON HIGH SCHOOL DISTRICT 125, | Honorable Jorge L. Alonso |
| | Magistrate Jeffrey Cummings |
| Defendant. | |

### **AMENDED ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, ADLAI E. STEVENSON HIGH SCHOOL DISTRICT 125, by its counsel, Philip H. Gerner III and Kevin P. Noll of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd, and for its Answer to Plaintiff's Complaint states as follows:

### I.     INTRODUCTION

1. This is an action to address deprivations of Plaintiff's right to be compensated at one and one-half times her normal hourly wage for hours worked in excess of forty (40) in a work-week pursuant to the *Fair Labor Standards Act* (29 U.S.C. § 201, *et seq.*) (hereafter, "FLSA') and the Illinois Minimum Wage Law (820 ILCS § 10511, *et seq.*) (hereafter, "IMWL").

**Answer**:     The District admits that Plaintiff filed this action alleging deprivations of Plaintiff's right to be compensated at one and-one half times her normal hours wage for hours worked in excess of forty (40) in a workweek pursuant to the FLSA and IMWL. The District denies depriving Plaintiff of any rights under the FLSA or IMWL.

### II.     JURISDICTION AND VENUE

2. This Court has jurisdiction over the controversy and the parties. Specifically, jurisdiction over Plaintiff's FLSA claim is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as this case involves a federal question regarding Defendant's violation of federal law.

**Answer**:     The District admits the allegations set forth in Paragraph 2.

3. Supplemental jurisdiction exists over Plaintiff's IMWL state law claim pursuant to 28 USC § 1337, as Plaintiff's IMWL claims arises from the same nucleus of operative facts as her federal FLSA claim.

**Answer**:   The District admits the allegations set forth in Paragraph 3.

4. Venue is proper in the Northern District of Illinois because Defendant maintains its principal place of business in the Northern District of Illinois and because the acts complained of took place in the Northern District of Illinois.

**Answer**:   The District admits the allegations set forth in Paragraph 4.

### III.   THE PARTIES

5. The Plaintiff, Dolores Schmitt (hereafter, "Schmitt" or "Plaintiff") is a resident of Lake Zurich, Lake County, Illinois.

**Answer**:   The District lacks sufficient information to either admit or deny the allegations contained in Paragraph 5, and therefore denies those allegations.

6. Defendant Adlai E. Stevenson High School District 125 (hereafter, "Dist. 125" or "Defendant") is an Illinois High School District organized pursuant to the *Illinois School Code*, with a principal place business in Lake County, Illinois.

**Answer**:   The District admits the allegations set forth in Paragraph 6.

7. Plaintiff continuously worked for Defendant from 2005-2018.

**Answer**:   The District admits the allegations set forth in Paragraph 7.

8. Plaintiff was hired by Defendant in 2005 as a "Receptionist."

**Answer**:   The District admits that it hired Plaintiff in 2005 for an Office/Clerical position.

9. Between 2005-2013, Plaintiff also worked under the titles "Assistant" and "Administrative Assistant."

**Answer**:   The District admits the allegations set forth in Paragraph 9.

10. Plaintiff's jobs working as a Receptionist, Assistant and Administrative Assistant were all non-exempt positions under the FLSA.

**Answer**:   The District admits the allegations set forth in Paragraph 10.

11. From 2013-2018, Plaintiff worked under the title "Human Resources Coordinator."

**Answer**:   The District admits the allegations set forth in Paragraph 11.

12. Defendant's job description for the Human Resources Coordinator position states that the Human Resources Coordinator job is also non-exempt under the Fair Labor Standards Act. (Ex. 1, (Position Description), at p. 2).

**Answer**:   The District admits the allegations set forth in Paragraph 12.

2

13. At all times that Plaintiff worked for Defendant, she only worked in nonexempt positions for purposes of the FLSA and the IMWL.

**Answer**: The District admits the allegations set forth in Paragraph 13.

14. Throughout her employment with Defendant, Plaintiff frequently worked more than forty (40) hours per workweek.

**Answer**: The District denies the allegations set forth in Paragraph 14.

15. Defendant never paid Plaintiff any additional compensation for her hours worked in excess of forty (40) in a workweek.

**Answer**: The District denies the allegations set forth in Paragraph 15.

16. Defendant never paid Plaintiff compensation at a rate of one and one-half times her normal hourly rate for hours worked in excess of forty (40) in a workweek.

**Answer**: The District denies the allegations set forth in Paragraph 16.

## COUNT I
## VIOLATION OF THE FLSA - FAILURE TO PAY OVERTIME

17. Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 16 of this complaint as and for this paragraph.

**Answer**: The District reasserts its responses to Paragraphs 1-16 above.

18. This count stems from Defendant's violation of the *Fair Labor Standards Act*, 29 U.S.C. § 201, *et seq*., for its failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in a workweek.

**Answer**: The District admits that Count I of Plaintiff's Complaint alleges violations of the FLSA for an alleged failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in a week. The District denies depriving Plaintiff of any rights under the FLSA.

19. The *Fair Labor Standards Acts* provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

**Answer**: Paragraph 19 is not a factual averment against the District, but an excerpt from a statute and therefore no response is warranted.

20. During the course of Plaintiff's employment with Defendant, Plaintiff was non-exempt from the overtime wage provisions of the *Fair Labor Standards Act*, 29 U.S.C. § 207.

**Answer**: Paragraph 20 pleads a legal conclusion to which no response is required. To the extent a response is required, the District admits the allegations.

21. Plaintiff is non-exempt from overtime compensation because Plaintiff is not employed in any bona fide executive, administrative or professional capacity, as defined by the FLSA (29 U.S.C. § 201, *et seq.*).

**Answer**: Paragraph 21 pleads a legal conclusion to which no response is required. To the extent a response is required, the District admits the allegations.

22. Defendant explicitly recognized Plaintiff's position was "non-exempt" for purposes of the FLSA. (Ex. 1, at p.2).

**Answer**: The District admits the allegations set forth in Paragraph 22.

23. Although Defendant maintained an overtime policy within its "Support Staff Manual," Defendant's Assistant Superintendent for Business Services informed Plaintiff that the Defendant's "Support Staff Manual" did not apply to Plaintiff or her position.

**Answer**: The District denies the allegations set forth in Paragraph 23.

24. During the course of Plaintiff's employment by Defendant, Defendant directed or permitted Plaintiff to work in excess of forty (40) hours per week.

**Answer**: The District denies that during the course of Plaintiff's employment, the District directed Plaintiff to work in excess of forty (40) hours per week. The District admits that during the course of Plaintiff's employment with the District, the District permitted Plaintiff to work in excess of forty (40) hours per week with pre-approval.

25. During said time periods, Plaintiff was paid on a salary basis regardless of the number of hours worked each workweek in violation of the Act.

**Answer**: The District denies the allegations set forth in Paragraph 25.

26. Plaintiff worked in excess of forty (40) hours per week without receipt of overtime compensation for their hours worked in excess of forty (40) per week.

**Answer**: The District denies the allegations set forth in Paragraph 26.

27. As a result of the foregoing unlawful conduct on the part of the Defendant, Plaintiff has suffered and continues to suffer damages.

**Answer**: The District denies the allegations set forth in Paragraph 27.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE ACT

28. Plaintiffs adopts, incorporates and re-alleges paragraphs 1 through 27 of this complaint as and for this paragraph.

**Answer**: The District reasserts its responses to Paragraphs 1-27 above.

29. As more specifically set forth above, from 2005 through May, 2018, Plaintiff Dolores Schmitt worked in excess of forty (40) hours per week without receipt of overtime compensation.

**Answer**: The District denies the allegations set forth in Paragraph 29.

30. The overtime provisions of the *Illinois Minimum Wage Act* provides that employers are obligated to pay their employees one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek. 820 ILCS 105/4a.

**Answer**: Paragraph 30 is not a factual averment against the District, and therefore no response is warranted.

31. Plaintiff is not exempt from overtime compensation because Plaintiff is not employed in any bona fide executive, administrative or professional capacity, as defined by 820 ILCS 105/4a, 29 U.S.C. § 201.

**Answer**: Paragraph 31 pleads a legal conclusion to which no response is required. To the extent a response is required, the District admits the allegations.

32. Defendant explicitly recognized Plaintiff's position was "non-exempt" for purposes of the FLSA. (Ex. 1, at p. 2).

**Answer**: The District admits the allegations set forth in Paragraph 32.

33. During said time periods Plaintiff was paid on a salary basis regardless of the number of hours worked each work week in violation of the *Illinois Minimum Wage Act.*

**Answer**: The District denies the allegations set forth in Paragraph 33.

34. As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff has suffered damages.

**Answer**: The District denies the allegations set forth in Paragraph 34.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

35. Plaintiffs adopts, incorporates and re-alleges paragraphs 1 through 34 of this complaint as and for this paragraph.

5

**Answer**: The District reasserts its responses to Paragraphs 1-34 above.

36. At all relevant times, Defendant was Plaintiffs employer within the meaning of the *Wage Payment and Collection Act* ('IWPCA").

**Answer**: Paragraph 36 pleads a legal conclusion to which no response is required. To the extent a response is required, the District admits the allegations.

37. Plaintiff was entitled to be paid for all wages earned, as well as earned but unused personal days and vacation pay per Defendants' policy as "final compensation" as of the date of her termination.

**Answer**: Paragraph 37 pleads a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

38. Defendant failed to pay Plaintiffs for wages, including overtime she earned based on overtime she worked prior to and as of the date of her termination.

**Answer**: The District denies the allegations set forth in Paragraph 38.

39. Defendant failed to pay Plaintiff for earned but unused vacation days as stated by Defendant's written policy.

**Answer**: The District denies the allegations set forth in Paragraph 39.

40. As a result of Defendant's failure to pay Plaintiff her entire final compensation as of the date she was terminated, the Plaintiff has been damaged and continues to suffer damages.

**Answer**: The District denies the allegations set forth in Paragraph 40.

## AFFIRMATIVE DEFENSES

1. Plaintiff's overtime compensation claims are barred, in part, by the applicable statute of limitations.

2. Plaintiff's claims are barred to the extent Plaintiff seeks recovery for time that is not compensable time under the FLSA and IMWL, including, but not limited to, recovery for *de minimis* work time.

3. Plaintiff violated the District's established overtime compensation policies and, accordingly, her damages should be reduced for a failure to mitigate her damages.

4. The District consistently acted in good faith in administering its policies relating to overtime compensation under the FLSA and IMWL.

        Respectfully submitted,

        ADLAI E. STEVENSON HIGH
        SCHOOL DISTRICT 125


By:  /s/ Kevin P. Noll
       One of Its Attorneys

Philip H. Gerner III (3127953)
Kevin P. Noll (6313611)
**ROBBINS SCHWARTZ NICHOLAS**
  **LIFTON & TAYLOR, LTD.**
55 West Monroe Street, Suite 800
Chicago, Illinois 60603
(312) 332-7760
Fax (312) 332-7768
Attorney No. 91219

841912v1

## **PROOF OF SERVICE**

    I, Kevin P. Noll, an attorney, certify that the foregoing Amended Answer to Complaint and Affirmative Defenses was electronically filed with the Clerk of the Court using the CM/ECF system on this 21st day of March, 2019, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5.9.

                                                             /s/ Kevin P. Noll